UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RISING STAR ROOFING, LLC,

    Plaintiff,

v.                                                       Case No: 6:19-cv-1043-Orl-31TBS

WILSHIRE INSURANCE COMPANY,

    Defendant.

## ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. 8) and Defendant's memorandum in opposition (Doc. 14). Plaintiff filed this action for damages arising from the alleged breach of an insurance contract, in state court (Doc. 1-1). Defendant removed the case to this Court based on the alleged existence of diversity jurisdiction (Doc. 1). Because I found the Notice of Removal inadequate to establish jurisdiction, I ordered Defendant to show cause why the case should not be remanded (Doc. 3). Defendant filed a response, with exhibits (Doc. 6), and the instant motion and response followed (Docs. 8 and 14). Now, the motion to remand is **DENIED**; however, Defendant is **DIRECTED** to make a further showing.

Removal to federal court is governed by 28 U.S.C. § 1441(a), which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are strictly construed against removal. Shamrock Oil & Gas

Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

The district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

As the party invoking federal jurisdiction the burden is on Defendant to establish diversity jurisdiction as of the date of removal. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir.2010). Defendant's burden is to prove that federal jurisdiction exists by a preponderance of the evidence through the presentation of facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to meet its burden the case must be remanded. Williams, 269 F.3d at 1321.

*Diversity of parties*

For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a corporation may conduct business in multiple places, the Supreme Court has determined that the "principal place of business" for a corporation is its nerve center: "the

place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship). A limited liability company is "a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Plaintiff's complaint alleges that it is a Florida limited liability company which conducts business in Brevard County, Florida (Doc. 1-1, ¶ 3). In its removal notice, Defendant cited this averment and a Florida Division of Corporations report to argue that Plaintiff is, therefore, a citizen of the state of Florida and, as Defendant Wilshire is incorporated pursuant to the laws of the state of North Carolina with its principal place of business in North Carolina, diversity is present (Doc. 1, pp.2 -3). Because this showing did not establish the citizenship of each member of the LLC, as required, a show cause order was issued.

Defendant now states that "Rising Star Roofing's sole member, Christopher D. Soverns, has a registered address of 250 Diane Drive, South Windsor, Connecticut 06074 making him a citizen of the State of Connecticut for diversity purposes." (Doc. 6 at 2). Plaintiff argues that this is insufficient because the plaintiff in the current action is Rising Star Roofing, LLC and Defendant attached corporate records for Rising Star Restoration, LLC, a different entity (Doc. 8, pp. 1-2). This contention is without merit. As Defendant correctly notes, the document filed on October 30, 2017 with Florida's Secretary of State, identifies Christopher Soverns as a member of Rising Star Restoration LLC, but Mr. Soverns amended the Articles of Organization on November 14, 2017 for the sole purpose of changing the name of the entity from Rising Star Restoration, LLC to

Rising Star Roofing, LLC (Doc. 14, pp. 6-10). Plaintiff acknowledges: "The correct entity, Rising Star Roofing, LLC has a member, Christopher Soverns, and a Manager/ owner, Marcus Keilch, as shown in the Division of Corporations." (Doc. 8 at 2). Because the motion to remand is based upon an incorrect premise, it is **DENIED.** This does not end the inquiry, however.

While Defendant provided information about the correct *entity,* it still has not provided sufficient information regarding the *citizenship* of the member(s) of that entity. Defendant argues that "Mr. Soverns is a **resident** of Connecticut for purposes of assessing diversity jurisdiction." (Doc. 14 at 1, emphasis added). To the extent Mr. Keilch is a member of the LLC, Defendant argues that "Mr. Keilch's registered address is 27658 Imperial Shores Boulevard, Bonita Springs, Florida, making him a **resident** of the State of Florida for diversity purposes" (Doc. 6, n. 1, emphasis added). Residency is not the same thing as citizenship. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (domicile requires both residence in a state and "an intention to remain there indefinitely...." Id. at 1258) (internal quotation marks omitted). The showing here is still inadequate to establish the citizenship of the Plaintiff.

*Amount in controversy*

Defendant also has the burden to establish "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's complaint does not seek a specific amount of damages. Defendant contends that the

repair estimate attached to the complaint in the amount of $100,954.72 is sufficient to establish that the amount in controversy requirement is met. The Court does not agree. The complaint alleges that Plaintiff provided Defendant "with an itemized description of the services required to return the Property to a "pre-loss" condition, as required by the Policy, but Defendant failed to pay the **total amount** owed for these services." (Doc. 1-1, ¶ 17) (emphasis added). Plaintiff avers: "By failing to make **complete** payment to Plaintiff for the reasonable services rendered or to be rendered in connection with the Claim, Defendant breached the Policy." (Id., ¶22). Plaintiff does not allege that Defendant failed to make *any* payment or that it denied the claim; Plaintiff alleged that Defendant failed to make "total" and "complete" payment. Given this language, it appears that some payment, in some indeterminate amount, may have been made, but a balance of unknown amount is outstanding. The amount in controversy is therefore not necessarily the entire amount of the description of services; it is the amount of the claim minus any deductible under the Policy and minus any payments already made or agreed-to. Defendant must show the deductible and the amount of all payments already made and credited against the claim. Consequently, Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant shall have **one final opportunity** to show, by July 15, 2019, why this case should not be remanded for lack of subject matter jurisdiction. Defendant shall clarify the citizenship of all members of Plaintiff and shall provide information sufficient to evaluate the amount in controversy. Failure to respond to this Order within the time required or failure to establish that diversity jurisdiction exists may result in remand, without further notice.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record